UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JONATHAN LEE THOMAS,
    Plaintiff,

vs.                                        Case No.: 3:22cv7427/LAC/ZCB

LESLIE HALL, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case is before the Court on Plaintiff's "Motion for Temporary Restraining Order." (Doc. 7). For the reasons below, the undersigned recommends that Plaintiff's motion be denied.[1]

### I.    Background

Plaintiff is a Florida Department of Corrections (FDOC) prisoner who is currently incarcerated at Escambia County Correctional Facility. (*See* Doc. 1). Plaintiff's *pro se* civil rights complaint names two Defendants: Aramark Services, an FDOC food service provider, and Leslie Hall, a FDOC kitchen manager. (*Id.* at

---

[1] The case was referred to the magistrate judge for issuance of all preliminary orders and any recommendations regarding dispositive matters and motions for injunctive relief. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

1

1-3).  Plaintiff asserts Defendants violated his religious exercise rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA) by failing to serve him leavened bread in the days following the Passover religious holiday.  (*Id.* at 5-12).  For his "pain and suffering," Plaintiff seeks five million dollars in punitive damages against Defendants.  (*Id.*).

Plaintiff moved for a temporary restraining order on September 12, 2022.  (Doc. 7).  Plaintiff seeks an injunction ordering Plaintiff removed from his current facility and FDOC officials to stop their alleged acts of "intimidation" and "discrimination" against him.  (*Id*. at 1).

In his motion for a temporary restraining order, Plaintiff alleges that since his "entrance into this facility on or about Sept[ember] 4, 2021, [he] was immediately thurst (sic) into an hazardous (sic) condition pertaining to his health."  (*Id.*).  Because Plaintiff's complaint names kitchen staff and his food is labeled with his name, Plaintiff "fears his meals could easily be targeted by Armark (sic) staff . . . possibly even poisoned and[/]or even handled in an inappropriate way."  (*Id.* at 3).  Further, Plaintiff claims that he is discriminated against "because of [his] Hebrew Faith" and that correctional officers have confiscated his Bible; Plaintiff states that he "feel[s] there is nothing left for them to take, but [his] life."  (*Id.*).  He also alleges there "is evidence [his] mail is being tampered with or simply disregarded by this facility."

(*Id.* at 4). In short, Plaintiff requests that he "be moved to another county until all criminal procedures are over, so [he] can live without fear and worship as an Hebrew, (sic) and work on civil proceedings." (*Id.*).

## II.   Discussion

The Court analyzes a request for a TRO under a preliminary injunction standard. *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010). To receive a preliminary injunction, a movant must show that: (1) there is a substantial likelihood of success on the merits; (2) an irreparable injury will be suffered if the injunction is not granted; (3) the threatened injury to the movant outweighs any injury the proposed injunction might cause the opposing party; and (4) the injunction would not disserve the public interest. *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989). Here, Plaintiff has not met that burden.

Plaintiff's TRO motion is fundamentally flawed because he has failed to show that Defendants—a food service company and a FDOC kitchen manager—have the authority to transfer him if ordered to do so by the Court. It is elemental that courts

cannot force a defendant "to act in any way that is beyond [the defendant's] authority to act in the first place." *Okpalobi v. Foster*, 244 F.3d 405, 427 (5th Cir. 2001). Put another way, "a claim for injunctive relief can stand only against someone who has the authority to grant it." *Williams v. Doyle*, 494 F. Supp.2d 1019, 1024 (W.D. Wis. 2007). Enjoining a defendant who lacks the authority to provide the relief ordered "would be a meaningless gesture." *Bronson v. Swensen*, 500 F.3d 1099, 1112 (10th Cir. 2007).

Here, the two Defendants are a food service company and a FDOC kitchen manager. Plaintiff does not allege that any of the named Defendants possess the authority to transfer him from his facility. *See generally Swan v. Bd. of Educ. of City of Chicago*, 956 F. Supp. 2d 913, 918 (N.D. Ill. 2013) (recognizing that "where . . . a plaintiff seeks an injunction against a defendant, he or she must demonstrate that the defendant to be enjoined has the authority to effectuate the injunction."). Nor is there any reason for the Court to believe that a food service provider and a FDOC kitchen manager, such as Defendants, have the authority to effectuate the transfer of an inmate. Because Plaintiff has failed to demonstrate that Defendants have the authority to effectuate the transfer he seeks in his motion for a temporary restraining order, his motion fails.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's "Motion

for Temporary Restraining Order" (Doc. 7) be **DENIED**.

At Pensacola, Florida this 19th day of October 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**